**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE REID, on behalf of her daughter** | : | |
| **SHANELLE REID, a minor** | : | **CIVIL ACTION** |
| **608 Brill Street** | : | **NO. 03-1742** |
| **Philadelphia, PA 19120** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA** | : | |
| **Administration Building** | : | |
| **Room 502** | : | |
| **21st Street, South of the Parkway** | : | |
| **Philadelphia, PA 19103** | : | |
| | : | |
| **and** | : | |
| | : | |
| **PAUL VALLAS, CHIEF EXECUTIVE OFFICER for** | : | |
| **THE SCHOOL DISTRICT OF PHILADELPHIA** | : | |
| **2120 Winter Street** | : | |
| **Room 219** | : | |
| **Philadelphia, PA  19103** | : | |
| | : | |
| **_____and** | : | |
| | : | |
| **MR. GREGORY SHANNON, PRINCIPAL** | : | |
| **BENJAMIN FRANKLIN ELEMENTARY SCHOOL** | : | |
| **5737 Rising Sun and Cheltenham Avenues** | : | |
| **Philadelphia, PA 19120** | : | |
| | : | |

**CIVIL ACTION - AMENDED COMPLAINT**

Plaintiffs Michelle Reid on behalf of her daughter, Shanelle Reid, by and through their

attorneys Frost & Zeff herein bring the instant Amended Complaint against the Defendants and

allege as follows:

1

## INTRODUCTION

1.      This action for monetary relief is brought by Plaintiff to redress the intentional violations by the Defendants pursuant to 42 U.S.C. Section 1983, Section 504 of the Rehabilitation Act of 1973, the Individuals with Disabilities Education Act 20 U.S.C. Section 1400, et seq. and the Due Process and Equal Protection Clause of the Fourteenth Amendment for damages caused by the Defendants failure to properly classify, failure to evaluate, and failure to provide necessary educational services to Plaintiff Shanelle Reid (hereinafter "Plaintiff" or "Plaintiff Reid").

2.      This action arises under 42 U.S.C. Section 1983, the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400, et seq., (I.D.E.A.), the Rehabilitation Act of 1973, 29 U.S.C. Section 794(a) and  the Fourteenth Amendment.

## JURISDICTION

3.      Jurisdiction is conferred upon this Court by 42 U.S.C. Section 1983, et seq., I.D.E.A., 20 U.S.C. Section 1400, et seq. as amended by Pub.L.No. 105-17 at Section 615(i)(3)(a) (1997), the Rehabilitation Act of 1973, the Fourteenth Amendment, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a) which provides original jurisdiction for Plaintiffs' claims arising under the laws of the United States and other actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      The amount in controversy exceeds One Hundred Thousand ($100,000.00) Dollars exclusive of interest and costs.

5.      Plaintiffs ask this Court to exercise supplemental jurisdiction over their State claims.

## VENUE

6.      All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve Defendants who reside and do business within its jurisdictional limits.

## PARTIES

7.      Plaintiff Michelle Reid is the parent and natural guardian of Plaintiff Shanelle Reid, who resides within the Commonwealth of Pennsylvania at the above-captioned address.  Plaintiff Michelle Reid brings this action on behalf of Plaintiff Shanelle Reid.

8.      Minor Plaintiff S.R. is a fourteen (14) year old child who suffers from "mild mental retardation" and attention deficit hyperactivity disorder. Plaintiff lives in Philadelphia, Pennsylvania at the above-captioned address, and is a duly qualified disabled student under I.D.E.A.

9.      Defendant School District of Philadelphia (hereinafter referred to as "District") is a public school district established under Pennsylvania law.  It receives federal funding under I.D.E.A.

10.     Defendant Paul Vallas (hereinafter referred to as "Defendant Vallas") is the Chief Executive Officer of the Philadelphia School District, conducting business at the above-referenced address.  Defendant Villas is being sued in his individual and official capacity.

11.     Mr. Gregory Shannon (hereinafter referred to as "Defendant Shannon") was at all times relevant the Principal of Benjamin Franklin Elementary School, conducting business at the above-referenced address.  Defendant Shannon is being sued in his individual and official capacity.

## BACKGROUND

12.     The Individuals with Disabilities Education Act (I.D.E.A.) was created to assure that all children with disabilities have a free appropriate public education available to them which

3

emphasizes public education and related services designed to meet their unique needs to assure that the rights of children with disabilities and their parents and guardians are protected to assist states and localities to provide for the education of all children with disabilities and to assess and assure the effectiveness of efforts to educated children with disabilities.  I.D.E.A. Section 1400(c).

13.    A free appropriate education consists of needed special education and related services designed to meet the child's unique needs, and provided in conformity with certain procedural safeguards specified by the act.  I.D.E.A., 20 U.S.C. Section 1414(a)(1)(A).

14.    I.D.E.A. requires each local educational agency such as a school district within a state to identify, locate and evaluate every child with disabilities.  *Id*.

15.    Disabilities, as defined by I.D.E.A. includes various mental, emotional, and physical impairments.

16.    The procedural safeguards provided by the act include but are not limited to the right of the student's parents to participate in the development of an Individualized Education Program (IEP) and to obtain an administrative hearing (and if needed, an administrative appeal and judicial review) on any complaint concerning the student's education.  20 U.S.C. Section 1041(18).

17.    I.D.E.A. requires that before the filing of a civil action seeking relief, that is also available under I.D.E.A., a Plaintiff must exhaust the I.D.E.A. procedures.  20 U.S.C. Section 1415(f).

18.    According to the Rehabilitation Act of 1973, 29 U.S.C. Section 794a, no person by reason of his or her disability may be excluded from participation in, be denied the benefits of, be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by an executive agency.  A program or activity is defined

4

as a department, agency, special purpose district or other instrument of a state, or of a local government, or the entity of such state, or local government that distributes such assistance.  29 U.S.C. Section 794(b)(1)(A)(B).

## **FACTS**

19. Minor Plaintiff S.R. is a 14 year old student who resides at 608 Brill Street, Philadelphia, Pennsylvania with her mother and attends school within the School District of Philadelphia.

20    In 1993 and 1994, S.R. attended the Pennell Elementary School and took the developing skills checklist.  S.R. scored between the third and sixth percentile, which represented that 97 percent of the students nationally scored as well or better than S.R.

21.    In 1997 while S.R. was attending the Daroff Elementary School, she took the Stanford Achievement Test which evidenced that she had below average scores in most areas of the test, but she was not evaluated for special education.

22.    Plaintiff S.R.'s April 1998 Stanford Achievement Test illustrated that S.R. began to spiral downward and had scored lower than the prior year in all areas except two.  In Reading, S.R. had little mastery; in Mathematics, S.R. had very little mastery to inadequate mastery; in Science, Plaintiff had very little mastery, and S.R. was still not evaluated for special education.

23.    S.R. has struggled in Reading for many years.

24.    For years, Plaintiff Michelle Reid had made repeated requests for S.R. to be evaluated for special education, but her requests were disregarded.

25.    In 2001, S.R. was attending Franklin Academics Plus School and was in the seventh grade.

26.     During the 2000-2001 school year, S.R. received F's in every major subject for each report card period, yet she was not evaluated for special education.

27.     Plaintiff Michelle Reid requested that the school evaluate S.R.  However, each year since 1993, Plaintiff Reid's requests were disregarded.

28.     Plaintiff Michelle Reid complained to teachers that she believed S.R. had a learning disability, but teachers told Plaintiff Reid that S.R.'s low grades were due to S.R.'s behavior and from not paying attention.

29.     S.R. went to summer school at the Carnell School and was promoted to the eighth grade despite receiving failing grades.

30.     Plaintiff Michelle Reid made a number of verbal requests for special education and was led to believe that a verbal request for a special education evaluation was sufficient.

31.     In January of 2002, Plaintiff Michelle Reid spoke with the school coordinator concerning the status of S.R. being evaluated for special education.  At that time, she was told that a request in writing was necessary.

32.     Plaintiff Michelle Reid asked the school coordinator why she did not tell Plaintiff that the request for an evaluation needed to be in writing during the 2000-2001 school year.  The school coordinator said that the policy was not to tell parents about the need to make a written request.

33.     On January 25, 2002, Plaintiff Michelle Reid made a written request that S.R. be tested for learning disabilities and dyslexia; Plaintiff Michelle Reid was told S.R. was on a waiting list.

34.     Defendant Shannon told Plaintiff Michelle Reid not to have S.R. evaluated, because it would show up on S.R.'s record.

35.     On February 12, 2002, Plaintiff Michelle Reid made a written complaint to Defendant Shannon stating S.R. had never been tested for special education, and was owed compensatory education.

36.     On March 4, 2002, Plaintiff Michelle Reid filled out a permission form to evaluate S.R.

37.     The above evaluation was proposed for May 27 through May 31, 2002.

38.     In 2002, S.R. was in eighth grade and failing her academic courses, so a comprehensive student assistance process form was completed.

39.     On March 22, 2002, Plaintiff Michelle Reid took S.R. to be evaluated at the Albert Einstein Medical Center for reading difficulties and A.D.H.D.

40.     S.R. was found to have "low cognitive abilities," A.D.H.D., a third grade level of capacity in Reading and Mathematics, and a second grade level of capacity in Spelling.  Plaintiff's K-Bit IQ composite was 65.

41.     Plaintiff Michelle Reid requested a pre-hearing conference to address S.R.'s need for special education and her right to compensatory education.

42.     On or about April of 2002, Plaintiff Michelle Reid retained an Attorney on behalf of S.R..

43.     On April 9, 2002, Plaintiff's attorney requested that Defendant District conduct psychoeducational testing to determine S.R.'s education testing.

44.     On April 10, 2002, a staff input form for the evaluation report was completed.

45.     The above staff input form stated that "S.R. was working below grade level in Reading and Writing; S.R. would benefit from tutoring."

46.     A psychoeducational evaluation was conducted by Defendant District on April 30 and May 7, 2002.

47.     The "results of the psychoeducational evaluation using the WISC-III indicated that S.R. functioned globally at the upper limit of the mildly deficient range of intelligence (full scale IQ of 69)."

48.     The Whechsler Individual Achievement Test Second Edition (WIAT-II) was administered in order to assess current levels of functioning in specific academic areas, S.R.'s reading skills were equivalent to a grade level of 3.6; S.R.'s Spelling skills were equivalent to a grade level of 2.5; S.R.'s  Mathematics skills were equivalent to a grade level of 3.3; and S.R.'s Word Recognition skills were equivalent to a grade level of 3.2.

49.     The Vineland Adaptive Behavior Scale - Interview Edition was administered and S.R.'s adaptive functioning fell in the "mildly deficient range (composite: 59)."

50.     S.R.'s socialization skills were well below average compared to her peers, as exhibited by the above test.

51.     It was concluded in the psychoeducational evaluation that S.R. "met the eligibility criteria for special education as a student with mild mental retardation."

52.     S.R.'s needs were stated in the above evaluation as:  increase reading skills, word recognition skills and comprehension skills, increase written communication skills, increase math computation and problem solving skills, opportunities for much repetition and guided and

independent practice; instruction must be presented at an instructional level, using high interest materials at a slow pace.

53.     On May 21, 2002, a re-evaluation report was completed by Defendant District.

54.     The above re-evaluation indicated S.R.'s disability category as mental retardation.

55.     The above re-evaluation stated that "S.R. is a youngster with mild retardation who requires specially designed instruction in order to make continued progress in the general education curriculum."  "Therefore, she is eligible for special education services."

56.     It was not until June 5, 2002, that an individualized education program was completed.  Services were to begin on September 3, 2002.

57.     The June 5, 2002, I.E.P. stated that S.R. was to receive special education services in English/Language, Art, Mathematics, Social Studies; counseling in school once per week; and the level of primary support provided was to be part-time learning support (for four major subjects).

58.     S.R. received a Notice of Recommended Educational Placement (NOREP) on June 5, 2002.

59.     The June 5, 2002 NOREP stated that "S.R. needed specially designed instruction in order to meet with success in the general curriculum."  This is the reason for her part-time learning support placement in four subjects.

60.     S.R.'s June 5, 2002 NOREP also stated that "based on student abilities and needs, a program of compensatory education is offered to address academic instruction and progress."  "S.R. is entitled to additional support to ensure progress."

61.     The above compensatory education was to be an itinerant service two times a week.

62.    On June 5, 2002, there was an amendment to the I.E.P. which stated:  From September of 2002 to May of 2003, S.R. was to receive individual tutoring two times a week and S.R.  was to be given computer training.

63.    S.R. participated in Defendant District's city wide proficiency exam in Spring of 2002, and received a raw score of 13 in English, 32 in Science and 17 in Mathematics.

64.    S.R. would periodically write her mother letters expressing emotional pain, confusion, and anxiety over studying  for tests, failing, and being a burden on Plaintiff Michelle Reid due to what Plaintiff Michelle Reid had to endure year after year, because Defendant District did not  give S.R. the appropriate education she needed.

65.    On or about July 8, 2002, a proposed settlement agreement was sent to Defendant District by S.R.'s counsel, but there was no response; so a due process hearing was requested on August 22, 2002.

66.    A September 5, 2002, NOREP down graded S.R.'s part-time learning support placement to a lesser itinerant service in the general curriculum.

67.    As of September 6, 2002, Plaintiff's counsel was still inquiring as to Defendant District's response to Plaintiff's proposed settlement agreement.

68.    On September 12, 2002, the special education officer sent a letter to Plaintiff's attorney (Michael Basch) and the Defendant District's attorney, admonishing the Defendant School District for not responding to the Office for Dispute Resolution.

69.    A new date of September 25, 2002, was given for the due process hearing due to a continuance being granted.

70.   By September 18, 2002, it had been five months since Plaintiff's attorney had requested S.R.'s entire school file and the Defendant District had still not compiled.

71.   On September 30, 2002, a settlement was reached regarding S.R.'s due process issues. The terms of the Agreement include but are not limited to: three hours per week of tutoring for the 2002-03 school year, two hours of tutoring for the 2003-04 school year, a vocational program for the 2003 and 2004 summer, 200 hours of compensatory education, including a computer and software. (A true and correct copy of S.R.'s Settlement Agreement is attached hereto as Exhibit "A".)

72.   S.R. has not received aspects of the compensatory education as stipulated per her September 30, 2002 agreement with Defendant District, such as tutoring and computer software.

73.   At all times relevant hereto, the Defendant District failed to properly identify, evaluate and create an IEP, and properly place S.R. for seven years.  As a result, Defendant District failed to provide S.R. with a free appropriate education causing S.R. to be irreparably harmed and to remain at a third grade Reading and Mathematics level, compounded with feelings of failure, anxiety, and guilt due to Defendant District trying to make S.R. the scapegoat for Defendant District's deliberate indifference towards S.R.'s special education needs.

74.   Failure by the Defendant District to continue to not fully and timely comply with the terms of this Settlement Agreement will result in additional compensatory education owed to S.R. and will further impair her ability to learn.

75.   A compensatory education award can no longer further the legislative, educational/administrative goal of making S.R. psychologically whole.  It is too little too late due to the shocking unconscionable egregious treatment S.R. has been forced to endure in her entire

education experience with Defendant District. The Defendant District's indifference has caused S.R. to remain at a third grade reading and math level, compounded with feelings of anxiety and failure.

76. Plaintiff has exhausted her administrative remedy.

## COUNT I
## PLAINTIFFS vs. ALL DEFENDANTS
## 42 U.S.C. SECTION 1983 AND I.D.EA.

77. Plaintiffs incorporate by reference paragraphs 1 through 76 herein set forth at length.

78. Defendants have not provided S.R. with a free and appropriate education and have irreparably harmed her psychologically.

79. Defendants VIOLATED S.R.'s right under the I.D.E.A. by failing to fully implement the "child find" requirement with respect to S.R. by failing to properly identify, evaluate, create an IEP, and properly place Plaintiff for approximately seven years.

80. The Defendants' conduct consisted of the failure to promulgate policies, customs, patterns, practices and procedures and a failure to train as follows:

   a)   having a large number of inherently deficient policy directives and/or administrative procedures to provide access of a free appropriate public education to S.R.;

   b)   continuing with policies, procedures, customs and practices which Defendants knew or should have known were causing injuries to students and specifically, Plaintiff S.R., despite the obvious need to change, modify and/or correct said policies;

   c)   failing to provide S.R. with a free appropriate public education; and

   d)   failing to identify S.R. as an exceptional student under IDEA.

81.    Defendants continue to fail to properly place S.R. in an appropriate nurturing educational environment, where she will have full-time emotional/learning support.

82.  By reason of the aforesaid, S.R.'s civil rights were systemically violated, as guaranteed by the I.D.E.A.

83.    At all times material hereto, the actions and inaction of all Defendants were performed under color of state law while acting in their official capacities.

84.    All Defendants caused the harm complained of herein in violation of the I.D.E.A.,

85.  The actions of Defendants constitutes a pattern of psychologically harming students like S.R., in particular.

86.    The actions of Defendants constitutes a pattern and practice of delay so that Defendants do not have to pay, expend and/or provide S.R. with services, or trained teachers to help them meet the needs of children and S.R., in particular.

87.    The Defendants' actions constitutes a lack of cautious regard for S.R.'s rights to a free appropriate public education.

88.    The Defendants' actions were carried out wilfully, wantonly, maliciously, and with such reckless disregard for the consequences as to reveal a conscious indifference to S.R.'s rights to a free appropriate public education.

89.  The above-described actions of the Defendants were the direct and proximate cause of S.R.'s injuries aforesaid.

90.    As a result of the above-described violations, S.R. suffered injuries as described in the factual allegations of the Complaint.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

    a)    issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

    b)    award S.R. compensatory damages;

    c)    award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

    d)    award to S.R. her costs and attorney's fees; and

    e)    grant such other relief as may be appropriate.

### COUNT II
### PLAINTIFFS vs. ALL DEFENDANTS
### 29 U.S.C. SECTION 794

91.    Plaintiffs incorporate by reference paragraphs 1 through 90 herein set forth at length.

92.    Defendants violated the rights of S.R. under Section 504 of the Rehabilitation Act of 1973 by failing to identify and evaluate within a reasonable time and transfer her to a school/facility which could provide S.R. with an appropriate education, and by discriminating against S.R. because of her disability.

93. As a result of the above-described violations, S.R. suffered damages as described above.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

    a)    issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

    b)    award S.R. compensatory damages;

    c)    award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

    d)    award to S.R. her costs and attorney's fees; and

    e)    grant such other relief as may be appropriate.

14

**COUNT III**
**PLAINTIFFS vs. ALL DEFENDANTS**
**FOURTEENTH AMENDMENT AND EQUAL PROTECTION CLAUSE**

94.     Plaintiffs incorporate by reference paragraphs 1 through 93 herein set forth at length.

95.     The Defendants' conduct in failing to provide S.R. with a free appropriate public education constitutes unlawful discrimination against S.R. and other children in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

96.     S.R. has no adequate legal remedy for the protection of her rights.

97.     As a result of the above-described violations, S.R. suffered damages as described above.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

a)     issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

b)     award S.R. compensatory damages;

c)     award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

d)     award to S.R. her costs and attorney's fees; and

e)     grant such other relief as may be appropriate.

**COUNT IV**
**PLAINTIFFS v. ALL DEFENDANTS**
**FOURTEENTH AMENDMENT DUE PROCESS**

98.  Plaintiffs incorporate by reference paragraphs 1 through 97 herein set forth at length.

99.  Defendants' conduct, policy, and practices consisted of a violation of Plaintiff's procedural due process rights afforded under the Fourteenth Amendment of the United States Constitution.

100.  Defendants' failure to perform duties set forth in Federal and State statutory schemes governing the education of disabled students and Plaintiff S.R. in particular violates Plaintiff's procedural due process rights.

101.  Defendant willfully delayed Plaintiff's due process rights, causing further injury to Plaintiff, S.R.

102.  As a result of the above-described violations, S.R. suffered injuries as described above.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

a)  issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

b)  award S.R. compensatory damages;

c)  award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

d)  award to S.R. her costs and attorney's fees; and

e)  grant such other relief as may be appropriate.

**COUNT V**
**PLAINTIFFS vs. DEFENDANT DISTRICT**
**AMERICAN WITH DISABILITIES ACT**

103.  Plaintiffs incorporate by reference paragraphs 1 through 102 herein set forth at length.

104.  S.R. is a qualified individual with a disability under Title II of the Americans With Disabilities Act, 42 U.S.C. Section 12132.

105. The actions by Defendants constitutes a pattern and practice of failing to provide students like S.R.  in particular, an appropriate education for S.R.'s educational needs.

106. The actions of Defendants constitutes a pattern of psychologically harming students like S.R., in particular.

107. The actions of Defendants constitutes a pattern and practice of delay so that Defendants do not have to pay, expend and/or provide S.R. with services, or trained teachers to help them meet the needs of children and S.R., in particular.

108. The Defendants' actions constitutes a lack of cautious regard for S.R.'s rights to a free appropriate public education.

109. The Defendants' actions were carried out wilfully, wantonly, maliciously, and with such reckless disregard for the consequences as to reveal a conscious indifference to S.R.'s rights to a free appropriate public education.

110. As a result of the above-described violations, S.R. suffered injuries as described above.

111.  At all times relevant herein, Defendants failed to provide S.R. with an education in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12132.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

    a)       issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

    b)       award S.R. compensatory damages;

    c)       award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

    d)       award to S.R. her costs and attorney's fees; and

    e)       grant such other relief as may be appropriate.

**COUNT VI**
**PLAINTIFFS vs. ALL DEFENDANTS**
<u>**VIOLATION OF 22 Pa. CODE § 14.36, 342.36 and 342.42**</u>

112.    Plaintiffs incorporate by reference paragraphs 1 through 111 herein set forth at length.

113.    Defendants violated 22 Pa. Code § 14.36, 342.36 and 342.42 by not providing S.R. with a free and appropriate education, and breached their duty to implement an appropriate program for S.R..

114.    All Defendants caused the harm complained of herein, and the action or inactions were performed under color of state law while in their official capacity.

115.    As a result of the above-described violations, S.R. suffered injuries as described above.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to:

    a)    issue a declaratory judgment that Defendants have violated S.R.'s rights as set forth above;

    b)    award S.R. compensatory damages;

    c)    award S.R. punitive damages as to Defendants Paul Vallas and Gregory Shannon in their individual capacity only;

    d)    award to S.R. her costs and attorney's fees; and

e)   grant such other relief as may be appropriate.

**FROST & ZEFF**


BY:   _____
      MARK B. FROST, ESQUIRE
      ATTORNEY FOR PLAINTIFF
      PIER FIVE AT PENN'S LANDING
      7 N. COLUMBUS BOULEVARD
      PHILADELPHIA, PA 19106
      (215) 351-3333

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a true and correct copy of Plaintiffs' Amended Complaint was forwarded to the below-listed counsel on the _____ day of August, 2003, via First Class Mail, Postage Prepaid:

Glenna M. Hazeltine, Esquire
Assistant General Counsel
**SCHOOL DISTRICT OF PHILADELPHIA**
Office of Specialized Services
John F. Kennedy Center - Suite 651
734 Schuylkill Avenue
Philadelphia, PA 19146-2397

**FROST & ZEFF**

BY:    _____
MARK B. FROST, ESQUIRE
ATTORNEY FOR PLAINTIFF
PIER FIVE AT PENN'S LANDING
7 N. COLUMBUS BOULEVARD
PHILADELPHIA, PA 19106
(215) 351-3333

August 8, 2003

Glenna M. Hazeltine, Esquire
Assistant General Counsel
**SCHOOL DISTRICT OF PHILADELPHIA**
Office of Specialized Services
John F. Kennedy Center - Suite 651
734 Schuylkill Avenue
Philadelphia, PA 19146-2397

       **RE:**    **Reid v. School District of Philadelphia, et al.**

Dear Ms. Hazeltine:

       Please find enclosed a copy of Plaintiff's Amended Complaint with regard to the above-referenced matter, the original of which is being filed of record on this date.

                       Sincerely,

                       MARK B. FROST

MBF/ads
Enc.