```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE REID, on behalf of her      :    CIVIL ACTION
daughter, SHANELLE REID, a minor     :
      v.                             :
                                     :
SCHOOL DISTRICT OF PHILADELPHIA,     :
and                                  :
GREGORY SHANNON, PRINCIPAL,          :
BENJAMIN FRANKLIN ELEMENTARY         :
SCHOOL                               :    NO.  03-1742
```

### MEMORANDUM AND ORDER

**Norma L. Shapiro, S.J.**                              **January 21, 2005**

Plaintiff Michelle Reid brought this action on behalf of her 15-year-old daughter, Shanelle Reid, who has been diagnosed with "mild mental retardation" and attention deficit hyperactivity disorder ("ADHD"). The Reids, filing this action in March 2003, alleged six counts against the defendants, the School District of Philadelphia ("School District") and Gregory Shannon, Principal of the Benjamin Franklin Elementary School ("Franklin Elementary").

By Order dated February 13, 2004, Counts I (42 U.S.C. § 1983 and IDEA) and II (Rehabilitation Act) were severed from the remaining counts and tried non-jury; Counts III (Equal Protection), IV (Due Process) and V (Americans with Disabilities Act) were stayed pending the outcome of trial, and Count VI (State law claims) was dismissed. Summary judgment on Count I was entered against the School District in the amount of $10,000, and summary judgment on Count II was entered in the favor of

Defendants.[1]

Presently before the court are Defendants' motion for partial summary judgment on remaining Counts III, IV, and V, and Plaintiff's motion for attorney's fees and costs. Oral argument on these matters was heard November 8, 2004.

**A.  Count III - Equal Protection**

Plaintiff alleges Defendants' failure to provide Shanelle with a free and appropriate public education constitutes unlawful discrimination against Shanelle and other children in violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants contend Shanelle is not a member of a suspect or quasi-suspect class.

Mentally disabled persons are not a member of a suspect or quasi-suspect class, and state action that discriminates against them is subject only to rational basis review. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 442 (1985). Plaintiff has failed to show the absence of a rational basis for Defendants' actions. There being no issue of material fact on this question, Defendants' motion for summary judgment on Count III is granted.

**B.  Count IV - Procedural Due Process**

Plaintiff alleges Defendants' conduct, policy, and practices violated Plaintiff's rights under the Due Process Clause of the

---

[1] See the court's previous opinion in Reid ex rel. Reid v. School Dist. of Philadelphia, No. Civ.A.03-1742, 2004 WL 1926324 (E.D. Pa. Aug. 27, 2004).

2

Fourteenth Amendment.  Plaintiff contends Defendants failed to timely perform their duties under state and federal statutes and willfully delayed her due process rights.  Plaintiff relies on <u>W.B. v. Matula</u>, 67 F.3d 484 (3d Cir. 1995), for the proposition that Defendants' violation of IDEA also constitutes a violation of procedural due process.  Defendants argue that although the court found them in violation of the IDEA, Plaintiff failed to show additional damages resulting from the failure to evaluate S.R. in the 7th grade as opposed to the 8th grade.

Although Plaintiff complained of Defendants' conduct towards S.R. beginning in the 2nd grade, Defendants' failure to evaluate S.R. in violation of the IDEA first occurred during the 7th grade.  Plaintiff had previously entered into two settlements with Defendants remedying the alleged harms S.R. suffered prior to the 7th grade, so damages that occurred prior to the 7th grade are irrelevant to this action.  Plaintiff has shown no evidence of additional damage from Defendants' failure to evaluate her until 8th grade.  There being no issues of material fact on this question, Defendants' motion for partial summary judgment on Count IV is granted.

**C. Count V - Americans with Disabilities Act**

Plaintiff alleges she is a qualified individual with a disability under Title II of the Americans with Disabilities Act ("ADA") and that Defendants' actions constitute a pattern and practice of failing to provide students like Shanelle with a free

and appropriate public education in violation of the ADA.

A claim for discrimination under the ADA parallels a claim under 42 U.S.C. Section 504.  Jeremy H. v. Mount Lebanon School Dist., 95 F.3d 272, 278-279 (3d Cir. 1996).  Summary judgment for Defendants was previously granted on the Section 504 claim because Plaintiff failed to prove she was excluded from any school activities available to all students, or that she was treated differently by School District officials because of her disability.  For the same reason, Defendants' motion for summary judgment on Count V is granted.

**D. Attorney's Fees and Costs**

Plaintiff moves for attorney's fees and costs pursuant to 20 U.S.C. Section 1415(i)(3)(B) and 42 U.S.C. Section 1988.[2]  A plaintiff is considered a prevailing party under the IDEA if she prevails on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Wheeler by Wheeler v. Towanda Area School Dist., 950 F.2d 128, 131 (3d Cir. 1991) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The Third Circuit applies a two-part test: 1) whether the plaintiff achieved relief; and 2) whether there is a causal connection between the litigation and the relief from the

---

[2]  Section 1415(i)(3)(B) states:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

defendant.  <u>Institutionalized Juveniles v. Secretary of Pub.
Welfare</u>, 758 F.2d 897, 910 (3d Cir. 1985).

Defendants argue plaintiff failed on all but one claim, and is therefore not a prevailing party.  Plaintiff contends she has achieved relief by prevailing under the IDEA claim; she was awarded judgment in the amount of $10,000, and defendants agreed to certain provisions to accommodate S.R.'s special needs.  These outcomes were obviously the result of Plaintiff's litigation. "As long as a plaintiff achieves some of the benefit sought in a lawsuit, even though the plaintiff does not ultimately succeed in securing a favorable judgment, the plaintiff can be considered the prevailing party for purposes of a fee award."  <u>Wheeler</u>, 950 F.2d at 131-132.  Under this standard, Plaintiff is a prevailing party entitled to attorney's fees.

Attorney's fees in IDEA cases are determined by calculating a "lodestar", i.e., multiplying a reasonable hourly rate by a reasonable number of hours.  The same analysis is used in awarding fees to a prevailing party in a Title VII action.  <u>See</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  The plaintiff must provide the court with adequate documentation for the hours and rates requested.  <u>See</u> <u>Hensley</u>, 461 U.S. at 433.

Whether the lodestar is reasonable depends on several factors.  The court take must take into account the extent of success achieved by the prevailing party, and the award must be reasonable in comparison to the scope of the litigation and the

5

relief sought.  <u>Hensley</u>, 461 U.S. at 438; <u>Washington v. Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031 (3rd Cir. 1996) (fees discounted by fifty percent for partial lack of success).  Upon objection by the opposing party, the court must exclude any hours that are "excessive, redundant, or otherwise unnecessary."  <u>Hensley</u>, 461 U.S. at 434.  Hourly rates must be reasonable compared with rates billed and paid in the marketplace for similar services rendered by lawyers of comparable skill, experience and reputation.  <u>Rode v. Dellarciprete</u>, 892 F.2d 1177, 1183 (3d. Cir. 1990).  Plaintiff bears the burden of showing the requested rates are reasonable.  <u>Washington</u>, 89 F.3d at 1035.

Plaintiff's requested lodestar is shown in Table 1:

Table 1 - Plaintiff's lodestar calculation

| Attorney | Hours | Hourly rate | Attorney subtotals | Firm total |
|---|---|---|---|---|
| Mark Frost | 228.45 | $350 | $79,957.50 | |
| Donnamarie Davis | 229.25 | $150 | $34,387.50 | |
| | | | | 457.70 hrs |
| | | | | $114,345.00 |

Plaintiff supports the lodestar calculation by declarations attesting to the local market rate for this type of litigation.  Defendants object to the hourly rate, as well as the total hours expended, as excessive.  Plaintiff's lodestar is more than eleven times greater than the monetary award of $10,000.  Plaintiff contends the lodestar is justified by the additional value of her efforts to force Defendants' compliance with previous settlements, including 174.2 hours of previously awarded

6

compensatory education that had not yet been provided when judgment was entered for Plaintiff.

Plaintiff's lodestar is unreasonable. The hourly rate of $350 is at the high end of the range for similar work in the local marketplace, and Plaintiff sometimes employed a second attorney unnecessarily (e.g., in depositions). The success achieved by Plaintiff was far less than total. In addition to compensatory damages, Plaintiff sought a declaratory judgment and punitive damages on six separate counts. Partial summary judgment was entered for Defendants on all but one count, and no punitive damages were awarded.

Plaintiff spent many hours re-litigating settled issues. Plaintiff had previously entered into two settlements with Defendants remedying the alleged harms S.R. suffered prior to the 7th grade. Only the post-settlement conduct of Defendants during the 7th grade and beyond was relevant to this litigation. Attorney's fees were awarded to Plaintiff in both prior settlements; Plaintiff is not entitled to additional fees for re-litigating them here. For these reasons, Plaintiff's lodestar is reduced by one-half, for a total of $57,172.50.

Plaintiff also requests costs in the amount of $7,060.27. At the request of the court, Plaintiff submitted invoices and receipts in support. More than half the costs were expended for Plaintiff's expert witness, who examined the child and opined on various relevant matters. Most of the remaining costs were

expended on depositions.  Costs in the amount of $227.54 for copying, express delivery, courier services, postage, and faxes are disallowed.  Plaintiff is awarded $6,832.73 in reimbursement for costs.

    An appropriate Order follows.